JOSEPH PARSONS, Appellant, *versus* JACOB MILLS & AL.

The Court of Probate cannot determine the validity of a disputed claim against an insolvent estate.

THIS was an appeal from a decree of the judge of probate for this county, distributing the estate of *Amos C. Adams* to and among those creditors who had made out their claims before the commissioners. The appellant was one of the creditors, and the appellees were other creditors of the estate, whose claims had been allowed by the commissioners. The appellant, being dissatisfied with the allowance to the appellees, appealed from the decree of the judge establishing the report of the commissioners, and directing distribution to be made accordingly ; and filed the following reasons of appeal, *viz.* :—

1. That the claims of the appellees against the estate aforesaid were unjust and not recoverable by law ; they all being on promises or contracts of the deceased made during his minority, and therefore void.

2. That the administrator, whose duty it is to litigate any claims offered against said estate against which any legal objec-
[ * 432 ] tion lies, did neglect *and refuse to oppose said claims
322

before the commissioners, and before the judge aforesaid, upon the return of their report.

*Emery* now moved that the guardian of *Louisa Adams*, an infant under the age of twenty-one years, and daughter and heir of the deceased, might be admitted to come in, and in her behalf contest, with the appellant, the claims which had been allowed to the appellees.

But the Court refused to admit the guardian. They said the act of June 15th, 1784, for the distribution of insolvent estates, has provided for all possible cases; that the administrator ought to have objected to these claims, and put the appellees to their action at common law; that if he wilfully neglected his duty in this particular, it would be unfaithful administration; and the heir or any other person injured might have a remedy against him, on his bond.

*Parker* then observed that the question in this case is between the appellant and the appellees, and that, by the act of March 12, 1784, (*stat.* 1783, *c.* 46, § 4,) *any* person aggrieved at any decree of a judge of probate might appeal therefrom to this Court; and he suggested that the Court might *remit* the case to the judge of probate for the purpose of having new commissioners appointed to receive, examine, &c., these claims; before whom the administrator might make his objection to the same.

But the Court said they were inclined to think that there must be application made to the legislature to open the case, so that the administrator might object, &c., and have the claims put into the course pointed out by the statute. And the case was accordingly continued, by order of Court, for that purpose. (1)

(*Sedgwick*, *Sewall*, and *Thacher*, justices, present.)

(1) See post, vol. ii. 80, S. C.